## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AARON B. ROBERTSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 24-cv-2012** |
| | : | |
| **EDWIN GEORGE PFURSICH, IV,** *et al.,* | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**Joseph F. Leeson, Jr.**                                                          **July 10, 2024**
**United States District Judge**

      Aaron B. Robertson, an inmate currently confined at SCI Dallas, filed a *pro se* civil action asserting constitutional violations and state law claims against Edwin George Pfursich, IV. Robertson previously brought the same claims against this Defendant, which were dismissed. *See Robertson v. Pfursich*, Civil Action No. 24-0444 ("*Robertson I*"). Robertson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Robertson leave to proceed *in forma pauperis* and dismiss the case.

## I.      PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS[1]

      In *Robertson I*, Robertson filed a complaint alleging civil rights violations and state law claims based on events that occurred during his prosecution in state court. (*Robertson I*, ECF No. 2.) He alleged that counsel in his state criminal prosecution, Edwin George Pfursich, IV, misled him, causing Robertson to accept a guilty plea that was not in his favor. Robertson

---

[1] Unless otherwise stated, the factual allegations set forth in this Memorandum are taken from Robertson's Complaint in the new civil action (No. 24-2012, ECF No. 1). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

claimed that Mr. Pfursich was negligent because he missed deadlines, committed fraud by lying to Robertson, breached his fiduciary duties to Robertson, breached a contract, and withheld information from him.  Robertson also alleged that Jacquelyn E. Pfursich, the Clerk of Court in Lancaster County at the time of his criminal trial, withheld information that also impacted his criminal trial.

In a February 9, 2024 Memorandum and Order, the Court granted Robertson *in forma pauperis* status, screened the complaint and dismissed the federal claims against Mr. Pfursich with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See Robertson I*, ECF Nos. 5 and 6.)  The Court reasoned that the constitutional claims against Mr. Pfursich for actions taken as defense counsel were not plausible because Mr. Pfursich was not a state actor for purposes of 42 U.S.C. § 1983.  (*See Robertson I*, ECF No. 5 (citing *Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").).

Additionally, Robertson's federal claim against Ms. Pfursich was dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, because Robertson's allegations were far too ambiguous to proceed as pled.  (*Id.*)  Robertson's state law claims against both Defendants were dismissed without prejudice for lack of subject matter jurisdiction.  (*Id.*)  Robertson was given leave to file an amended complaint within thirty-days to correct the defect in his federal claim against Ms. Pfursich.  (*Id.*)  On March 11, 2024, Robertson filed an Amended Complaint.  (*Robertson I*, ECF No. 10.)  The Court screened that Amended Complaint and in a March 22, 2024 Memorandum and Order, dismissed without prejudice[2] the constitutional claims against Ms. Pfursich as Lancaster County Clerk of Courts as barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  (*Robertson I*, ECF Nos. 11 and 12.)  Robertson's state law claims against Ms. Pfursich were dismissed without prejudice for lack of subject matter jurisdiction and the matter was closed.  (*Id.*)

Robertson brought a second civil case, *Robertson v. Pfursich*, Civil Action No. 24-1381, that named only Jacquelyn E. Pfursich as the defendant ("*Robertson II*").  That case also was dismissed after statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (*Robertson II*, ECF Nos. 9 and 10.)  Additionally, Robertson initiated a habeas corpus matter, *Robertson v. District Attorney of Lancaster County*, Civil Action No. 24-1488, which remains pending in this District.

In his new case, Robertson submitted to this Court a Civil Complaint form for use in the Court of Common Pleas of Lancaster County.  (*See* ECF No. 1.)  Therein, Robertson alleges that

---

[2] The dismissal was without prejudice to Robertson filing a new case only in the event his underlying conviction is reversed, vacated, or otherwise invalidated.

Defendant Pfursich violated his Fourteenth Amendment due process rights and committed fraud.
(*Id.*)

Because he submitted the Complaint without paying the filing fees or submitting an
application to proceed *in forma pauperis*, by Order dated May 23, 2024, Robertson was
instructed to cure these defects if he wished to proceed with this case.  (ECF No. 4.)  The Court
noted that this is the third civil action commenced by Robertson, in addition to his habeas matter.
(*Id.*)  Robertson was advised that if he were to be granted leave to proceed *in forma pauperis* in
this case, he would be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. §
1915(b), even if his case is dismissed, and he would not be entitled to the return of any payments
made toward the fee.  (*Id.*)  The Court further instructed Robertson that if he did not intend to
initiate a third federal civil rights lawsuit by mailing the Civil Complaint form to this Court, or if,
after review of the May 23, 2024 Order, he chose not to further pursue this action, Robertson
could file a Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a).  (*Id.*)
Robertson subsequently filed an application to proceed *in forma pauperis*, as well as the required
prisoner trust fund account statement, indicating his intention to proceed with this matter.  (*See*
ECF Nos. 5, 6, 7.)  Robertson's Complaint is now ripe for statutory screening.

## II.     STANDARD OF REVIEW

The Court grants Robertson leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C.
§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.
Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same
standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see
Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to
determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage

of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,'

'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Robertson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*,

8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45

(3d Cir. 2013)).

"With respect to affirmative defenses, such as res judicata, dismissal is proper if

application of the defense is apparent on the face of the complaint; [the Court] may also look

beyond the complaint to public records, including judicial proceedings."  *Weinberg v. Scott E.

Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*,

202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "[r]es judicata is a proper

basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").  Additionally, the Court must review the

Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking.  *See*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v.

Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject

matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua

sponte").

## III.     DISCUSSION

Robertson cites the Fourteenth Amendment in his Complaint and the Court understands

him to raise a due process claim against Edwin George Pfursich, as well as a state law fraud

claim. (*See* Compl. at 1-4.) His claims cannot proceed.[3]  In *Robertson I*, in which he named Mr.

Pfursich as a Defendant and alleged the same set of facts, the constitutional claims were

dismissed with prejudice because Mr. Pfursich, who acted as defense counsel in the underlying

state court criminal prosecution, is not a state actor.  Robertson also sought to raise a fraud claim

in *Robertson I*, but that claim was dismissed for lack of subject matter jurisdiction.  Robertson's

attempt to reassert the constitutional claim is barred by the doctrine of claim preclusion.

"Claim preclusion — which some courts and commentators also call *res judicata* —

protects defendants from the risk of repetitious suits involving the same cause of action once a

court of competent jurisdiction has entered a final judgment on the merits."  *Beasley v. Howard*,

14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties

from raising issues that could have been raised and decided in a prior case regardless of whether

those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . .

extends not only to the claims that the plaintiff brought in the first action, but also to any claims

the plaintiff could have asserted in the previous lawsuit."  *Id.* at 231-32.  "Claim preclusion

similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a

separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are

essentially the same."  *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir.

---

[3] Although the Clerk of Court listed "Cody Pfursich" on the docket of this case as a Defendant, that is a reference to the name of Edwin Pfursich's law firm, Cody & Pfursich.  It appears that Robertson listed "Cody & Pfursich" on the address line on page two of the Complaint, and this was mistakenly docketed as a Defendant.  The Clerk will be directed to strike "Cody Pfursich" as a Defendant.

2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez*, 202 F. App'x at 584.

It is clear from the face of his new Complaint that Robertson names one of the same parties named in *Robertson I* and asserts the same causes of action that he raised against Mr. Pfursich in that case. Thus, all three elements of claim preclusion are present and Robertson may not proceed with his new due process claim. Because the new case is premised on the same underlying events, the constitutional claim will be dismissed with prejudice.

To the extent Robertson raises state law claims that are not precluded, he has not alleged a basis for the Court's jurisdiction over those claims.[4] District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for

---

[4] Because the Court has dismissed Robertson's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

The Complaint does not allege the status of the parties' citizenship.  Therefore, Robertson has not met his burden of establishing a basis for jurisdiction over any state law claims, including fraud.  In any event, it appears that Robertson and Mr. Pfursich are citizens of Pennsylvania, such that diversity is lacking.  Accordingly, any state law claims will be dismissed without prejudice for lack of jurisdiction.

Leave to amend will not be given because the Court concludes that amendment would be futile under the circumstances of this case.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follow, which dismisses this case.  *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**